UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.        Case No. 20-CR-41

JASMAINE LINTON, et al.,

    Defendants.

## ORDER

Defendant Jasmaine Linton filed a pro se "Motion for Release on Conditions And Recognizance Bond Pursuant To 18 USC 3142." (ECF No. 152.) The court previously denied his release on February 28, 2020 (ECF No. 61) and on April 17, 2020 (ECF No. 148).

At his arraignment and plea on February 28, 2020, Linton argued that he should be released. (ECF No. 61.) The court ordered Linton detained. (*Id.*) Soon thereafter, on April 8, 2020, Linton filed a Motion for Bail Review, which the court construed as a motion to reopen the detention hearing. (ECF No. 141.) On April 17, 2020, the court denied that motion. (ECF No. 148.) In doing so, the court noted that the current health crisis does not warrant Linton's release; Linton had made only a cursory, one sentence argument about his risk for COVID-19 after previously indicating that he had no

significant health problems or current health concerns. The court further explained that, because of Linton's history of not appearing in court and not complying with conditions of his probation, it did not have confidence that he would comply with any conditions of release that the court might impose. Finally, the court explained that Linton is a danger to the community because of his past violent crimes and current allegation of engaging in large-scale drug trafficking while on extended supervision. Accordingly, the court found that Linton should remain detained.

When a defendant has had a detention hearing and files a "motion for release" or "motion for bail review," the motion is construed as a motion to reopen the detention hearing. The hearing may be reopened only

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

On May 4, 2020, although represented by counsel, Linton filed a second, pro se motion for release. (ECF No. 152.) Although a few days earlier Linton also had filed a pro se motion for the withdrawal of his attorney (ECF No. 151), Linton is currently still represented by counsel and was at the time he filed his pro se motion for release. The court does not permit "hybrid" representation whereby a defendant proceeds pro se for

some matters and by counsel for others. *See United States v. Patterson*, 576 F.3d 431, 436 (7th Cir. 2009); *United States v. Oreye*, 263 F.3d 669, 672 (7th Cir. 2001).

Furthermore, in his current motion to reopen the detention hearing Linton incorrectly alleges that the court held a "bail hearing" on April 17, 2020, and that he had no knowledge of this hearing. (ECF No. 152 at 2.) No such hearing was held. As such, Linton was not denied any "opportunity to speak for [him]self." (*Id.*)

Finally, Linton has not alleged any new information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. 3142(f). The reasons stated in this court's April 17, 2020 order for denying Linton's request that he be released still apply: given Linton's history of nonappearances and violent crimes, there are no conditions that can be imposed that will reasonably assure the safety of the community and Linton's appearance at future court proceedings.

**IT IS THEREFORE ORDERED** that Linton's pro se "Motion for Release on Conditions And Recognizance Bond Pursuant To 18 USC 3142." (ECF No. 152) is **denied**.

Dated at Milwaukee, Wisconsin this 5th day of May, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

3

Case 2:20-cr-00041-LA-NJ   Filed 05/05/20   Page 3 of 3   Document 154